Docket No. 102707.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN
O'CONNELL, Appellee.

*Opinion filed November 29, 2007.*

JUSTICE KILBRIDE delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman,
Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

In attempting to raise an actual-innocence claim, defendant, John
O'Connell, filed a *pro se* motion for DNA testing pursuant to section
116–3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS
5/116–3 (West 2002)). The circuit court of Cook County denied
defendant's motion. The appellate court reversed the trial court's
order denying defendant's motion for DNA testing and remanded the
cause for further proceedings. 365 Ill. App. 3d 872. This court
allowed the State's petition for leave to appeal pursuant to Supreme
Court Rule 315 (210 Ill. 2d R. 315). We now vacate the judgment of
the appellate court and affirm the trial court's denial of defendant's
*pro se* motion to allow DNA testing.

BACKGROUND

Defendant, John O'Connell, pled guilty to three counts of first degree murder, two counts of aggravated criminal sexual assault, and one count of armed robbery. Prior to accepting defendant's guilty plea, the trial court admonished defendant that he had the right to a jury trial and to present a defense. Defendant told the trial judge that he understood his rights but wished to waive them and plead guilty.

The stipulated factual basis informed the court that at noon on September 7, 1990, defendant entered a flower shop where the 64-year-old victim worked. Defendant sexually assaulted the victim, beat her, stabbed her in the stomach, stole money from the cash register, and fled. Defendant was later arrested near the scene.

At the time he was arrested, defendant had blood on his underwear, shirt, and hands, and money from the flower shop in his pants' pocket. A blood-covered knife was found in defendant's van. Later that same day, defendant made an inculpatory statement. The victim suffered severe injuries and, six days later, died of complications.

The trial court admonished defendant of the possible sentences, including the potential death sentence. Defendant told the court he still wanted to plead guilty. The trial court accepted defendant's guilty plea and sentenced defendant to concurrent terms of natural life imprisonment for three counts of murder, two extended-term sentences of 60 years for each count of aggravated criminal sexual assault, and 30 years' imprisonment for armed robbery.

Defendant subsequently filed a motion to reconsider the sentence but told the trial court he did not want to withdraw his guilty plea. The trial court did not reduce defendant's sentence, and defendant appealed. The appellate court affirmed. *People v. O'Connell*, No. 1–93–0200 (1995) (unpublished order under Supreme Court Rule 23).

Defendant later filed a *pro se* postconviction petition alleging his extended-term sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d. 435, 120 S. Ct. 2348 (2000). The trial court dismissed the petition. The appellate court affirmed the circuit court's summary dismissal of defendant's postconviction petition, but ordered the trial court to correct the mittimus to reflect a single conviction for

first degree murder. *People v. O'Connell*, No. 1–01–0421 (2002) (unpublished order under Supreme Court Rule 23).

After his direct appeal and postconviction proceedings, defendant filed the instant *pro se* motion to allow DNA testing pursuant to section 116–3 of the Code (725 ILCS 5/116–3 (West 2002)). Section 116–3 allows a defendant to make a motion for fingerprint or forensic testing "not available at the time of trial" when "identity was the issue in the trial" resulting in defendant's conviction. 725 ILCS 5/116–3(a), (b) (West 2002).

The trial court denied defendant's motion for DNA testing. The trial court reasoned that defendant failed to establish a *prima facie* case for DNA testing because "identity was not at issue at trial" when defendant pled guilty. The trial court subsequently denied defendant's motion to reconsider, and defendant appealed.

The appellate court reversed the trial court's denial of defendant's motion for DNA testing and remanded for further proceedings. 365 Ill. App. 3d 872. The appellate court held that section 116–3 does not allow for summary dismissal of motions for DNA testing. The appellate court also held that any error was not harmless because counsel may have been able to argue persuasively that identity was at issue at trial, despite defendant's guilty plea. The State timely appealed pursuant to Supreme Court Rule 315 (210 Ill. 2d R. 315). We allowed the State's petition for leave to appeal.

ANALYSIS

The State appeals from the judgment of the appellate court reversing the trial court's denial of defendant's motion for DNA testing pursuant to section 116–3 of the Code (725 ILCS 5/116–3 (West 2002)). We review *de novo* the trial court's denial of a motion for DNA testing under section 116–3. *People v. Brooks*, 221 Ill. 2d 381, 393 (2006); *People v. Shum*, 207 Ill. 2d 47, 65 (2003).

This case presents an issue of first impression before this court. We must determine whether, as a matter of law, section 116–3 allows a defendant who pleads guilty to make a motion for DNA testing. Our resolution of this case is a straightforward statutory construction of the threshold requirements of section 116–3. We begin with a review of section 116–3.

In 1998, the legislature enacted section 116–3, outlining the process defendants must follow to obtain fingerprint or forensic DNA testing not available at trial when actual innocence was at issue during trial. 725 ILCS 5/116–3 (West 2000). Section 116–3 provides, in relevant part:

> "Motion for fingerprint or forensic testing not available at trial regarding actual innocence.
>
> (a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint or forensic DNA testing on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial. ***
>
> (b) The defendant must present a prima facie case that:
>
> > (1) identity was the issue in the trial which resulted in his or her conviction; and
> >
> > (2) The evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect." 725 ILCS 5/116–3 (West 2002).

This court has previously considered section 116–3 in the context of a defendant's burden to obtain forensic testing. In *People v. Savory*, 197 Ill. 2d 203 (2001), we examined whether evidence a defendant sought to test pursuant to section 116–3 was materially relevant to his claim of actual innocence. In *Shum*, 207 Ill. 2d 47, we considered whether a defendant made a *prima facie* case under section 116–3 for DNA testing to establish actual innocence. Most recently, in *Brooks*, 221 Ill. 2d 381, we considered whether a defendant was entitled to polymerase chain reaction (PCR) DNA testing when the testing was available at the time of the defendant's trial. Those cases all involved an analysis of the statutory requirements for section 116–3 testing following a trial and conviction. Analysis under that line of cases is irrelevant to a case involving a guilty plea.

Before any analysis of the statutory requirements to allow DNA testing, the initial issue is the applicability of the statute. The parties and the lower courts did not examine the threshold requirements. We

now construe the terms of section 116–3 to determine whether defendants who enter guilty pleas may make a motion for DNA testing.

"The primary rule of statutory construction is to determine and give effect to the intent of the legislature." *Burke v. 12 Rothchild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 441 (1992). The statutory language itself is the best indicator of legislative intent. *Burke*, 148 Ill. 2d at 441-42.

The plain language of section 116–3 states that the motion is intended for performance of "fingerprint or forensic testing *not available at trial* regarding actual innocence." (Emphasis added.) 725 ILCS 5/116–3 (West 2002). This court has recognized that the plain language of subsection (a) of section 116–3 requires a defendant show (i) the evidence in question was not subject to the requested test at the *time of trial*; and (ii) the evidence was not subject to testing because the requested test was unavailable *at the time of defendant's trial*. *Brooks*, 221 Ill. 2d at 393. The plain language of subsection (b) further requires a defendant present a *prima facie* case of identity at issue *at his trial* and the evidence to be tested has been under a secure chain of custody. 725 ILCS 5/116–3(b) (West 2002).

A section 116–3 motion for forensic testing is a legislatively created right. " 'Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions.' " *Mattis v. State Universities Retirement System*, 212 Ill. 2d 58, 78 (2004), quoting *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 151-52 (1997). See also *Burke*, 148 Ill. 2d at 442 ("Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions, despite the lack of any negative words of limitation"). The plain and unambiguous language of section 116–3 permits a motion for DNA testing only when a defendant has been *convicted following a trial* contesting identity.

Accordingly, as a matter of law, defendants who plead guilty may not avail themselves of section 116–3. Those defendants are a separate group who have not contested identity at trial. Accordingly, based on our statutory construction, we conclude the appellate court erroneously determined section 116–3 permits a defendant who pleads guilty to argue that identity was at issue, despite his guilty plea. 365 Ill. App. 3d at 877-78.

Nonetheless, defendant argues that the purpose of section 116–3, to exonerate innocent defendants, is best served by allowing defendants who plead guilty to seek DNA testing. Defendant suggests an individual may plead guilty to a crime, despite his or her innocence, to obtain lesser charges or a reduced sentence. We are, however, constrained by the plain language of the statute. We reiterate, a defendant who pleads guilty may not use section 116–3 as a means to request DNA testing.

On a final point, the appellate court also concluded that section 116–3 does not expressly provide for summary dismissal of motions for DNA testing and that a defendant has a right to notice and an opportunity to respond before ruling on the motion. The trial court did not, however, "summarily" deny or dismiss defendant's motion. See *People v. Vincent*, 226 Ill. 2d 1, 11 (2007) (the term "summary dismissal" is unique to the Post-Conviction Hearing Act (725 ILCS 5/122–2.1 (West 2004))). Rather, the trial court *sua sponte* denied defendant's motion for DNA testing after determining that defendant's motion did not provide a legal basis for the request. "[A] trial court may, on its own motion, dispose of a matter [*sua sponte*] when it is clear *** that the requesting party is not entitled to relief as a matter of law." *Vincent*, 226 Ill. 2d at 12. We hold that the trial court did not err in *sua sponte* denying defendant's motion for section 116–3 testing when defendant's motion was insufficient, as a matter of law, because defendant pled guilty rather than proceeding to trial.

## CONCLUSION

We determine that the trial court correctly denied defendant's request for DNA testing as a matter of law. We further conclude the appellate court overlooked the plain and unambiguous language of section 116–3 in reversing the trial court's denial of defendant's motion for DNA testing. We therefore vacate the judgment of the appellate court and affirm the trial court's denial of defendant's section 116–3 motion for DNA testing.

*Appellate court judgment vacated;*
*circuit court judgment affirmed.*